**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| **ESTATE OF DOUGLAS M. WEST** by the co-executors Douglas J. West and Mark P. West, | **CASE NO. 1:16-cv-00030-CRW-HCA** |
| **Plaintiff,** | **PROPOSED FINAL PRETRIAL ORDER** |
| **vs.** | |
| **DOMINA LAW GROUP PC LLO; CHRISTIAN WILLIAMS; DAVID DOMINA;** and **BRIAN JORDE,** | |
| **Defendants.** | |

A final pretrial conference was held in this matter pursuant to Fed. R. Civ. P. 16 on <u>August 23, 2018</u>.

The following counsel, who will try the case, appeared at the conference:

1. For the plaintiff:

Matthew G. Sease
Scott M. Wadding
104 SW 4th St., Suite A
Des Moines, Iowa 50309
Telephone: (515) 883-2222

2. For the defendants:

Daniel F. Konicek (pro hac vice)
Konicek & Dillon, P.C.
21 W. State St.
Geneva, IL 60134
Telephone:  630-262-9655
Facsimile:   630-262-9659
Email:  <u>dan@konicekdillonlaw.com</u>

Thomas Henderson
WHITFIELD & EDDY, P.L.C.
699 Walnut St., Suite 2000
Des Moines, IA 50309
Telephone:  515-288-6041
Facsimile:   515-246-1474
Email: <u>henderson@whitfieldlaw.com</u>

Accordingly,

**IT IS ORDERED:**

**I.**     **The parties agree that the following facts are true and undisputed:**

A.  On April 25, 1988, Doug West ("Doug") and Mark Finken ("Finken") formed Western Marketing Associates Corporation in Nebraska (hereafter "Western Marketing"), with its offices located in Iowa.

B.  From 1990 through 2014, Doug and Finken were equal 50% shareholders of outstanding shares of common stock, all of a single class, in Western Marketing.

C.  Finken acted as Western Marketing's President and Secretary while Doug acted as Western Marketing's Vice-President and Treasurer.

D.  On April 18, 1997, Doug, Finken, and their wives signed a "Buy-Sell Agreement," binding one another and "their heirs, legal representatives, and assigns," to certain provisions governing the sale of shares of Western Marketing.

E.  In June 2013, Doug hired Defendants to provide legal representation in a dispute between Doug and Finken.

F.  On September 10, 2013, Western Marketing, through Finken, filed a lawsuit against Doug.

G.  On September 17, 2013, Defendants agreed to represent Doug in the lawsuit against Western Marketing and to prosecute counterclaims arising from the business dispute between Doug and Finken.

H.  Defendants filed an Answer and Counterclaim on Doug's behalf on October 8, 2013.

I.  The Answer and Counterclaim asserted two counterclaims, namely, breach of contract and a claim for unpaid fees and commissions.

J.  The October 8, 2013 Answer and Counterclaim did not seek judicial dissolution of Western Marketing.

K.  On February 12, 2014, Defendants filed a Motion for Leave to Amend Counterclaim on Doug's behalf.

L.  The Motion sought leave of Court to, among other things, amend their counterclaim to add an additional request for the court to dissolve Western Marketing under Neb. Stat. § 21-20,162.

M.  The Nebraska Business Corporation Act (NBCA) was controlling in the underlying judicial dissolution proceedings.

N.  Under the NBCA, a shareholder in a closely-held corporation may obtain judicial dissolution of a corporation when any of the enumerated grounds are met, including deadlock.

O.  If a shareholder in a closely-held corporation files an action seeking judicial dissolution, one or more non-petitioning shareholders have ninety (90) days to elect to purchase the shares owned by the petitioning shareholder at "fair value."

P.  Under the statute, "An election to purchase is irrevocable, unless the court determines that it is equitable to set aside or modify the election."

Q.  Further, after a proceeding to judicially dissolve a corporation is filed by a shareholder, the proceeding for dissolution "may not be discontinued or settled, nor may the petitioning shareholder sell or otherwise dispose of his or her shares, unless the court determines that it would be equitable to the corporation and the shareholders, other than the petitioner, to permit such discontinuance, settlement, sale, or other disposition."

R.  The Court granted the Motion to Amend on March 4, 2014, thereby adding a counterclaim requesting judicial dissolution of Western Marketing under Neb. Stat. § 21-20,162.

S.  On March 17, 2014, Western Marketing filed an irrevocable election to purchase Doug's shares pursuant to Neb. Rev. Stat. § 21-20, 166.

T.  On January 12, 2015, the Court issued ruling determining that the value of Doug's shares to be $658,000.00.

U.  Taking into account Doug's conduct against Western Marketing on or about September 9, 2013, the Court then deducted $50,000 from the amount awarded to Doug.

II.   **EXHIBITS**

A.   The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

1.   Plaintiff's Exhibits:

   *See* Attachment A.

2.   Defendant's Exhibits:

   *See* Attachment B.

B.   Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

1.   Plaintiff's Exhibits:

   *See* Attachment A.

2.   Defendant's Exhibits:

   *See* Attachment B.

C.   Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

1.   Plaintiff's Exhibits:

   *See* Attachment A.

2.   Defendant's Exhibits:

   *See* Attachment B.

III.   **WITNESSES**

A.  Plaintiff's Witnesses:

1.  Paul Gardner, 1299 Farnam Street, Suite 1500, Omaha, NE, 68102.  Mr. Gardner was the attorney of record for Mark Finken in Harrison County Case Number CVCV029621 and is expected to testify regarding those proceedings, including his communications with defendants and his observations and opinions concerning defendants' legal strategy.

2.  D.J. West, co-executor o the Estate of Douglas M. West, may be contacted through counsel.  Mr. West is expected to testify regarding the facts asserted in the petition and answer to counterclaim, the proceedings in Harrison County Case Number CVCV029621, and Western Marketing's finances and operations.

3.  David Domina, Defendant and owner of Defendant Domina Law Group, 2425 South 144th Street, Omaha, NE 68144.  It is anticipated that Mr. Domina will testify concerning his representation of Douglas M. West in the business dispute between Douglas M. West and Mark Finken and Harrison County Case Number CVCV029621, including his communications with Douglas M. West, communications with other members of Defendant Domina Law Group, communications to opposing counsel, and representations and statements made to the Court.

4.  Diane McGrain, or any other necessary representative of Schroer and Associates, P.C, 42 N 2nd Street, Council Bluffs, IA 51503.  Ms. McGrain is a Certified Public Accountant with Schroer and Associates.  She, and other members of Schroer and Associates, were responsible for compiling the financial statements of Western Marketing and is expected to testify regarding Western Marketing's financials.

5.  Laurie Fant, (928) 300-5593, may be contacted through counsel of record.  Ms. Fant was Douglas M. West's personal assistant and is expected to testify regarding Harriston County Case Number CVCV029621 proceedings, Douglas M. West's understandings of those proceedings, and Douglas M. West's communications with defendants.

6.  Mark West, co-executor of the Estate of Douglas M. West, may be contacted through counsel.  Mr. West is expected to testify regarding the facts asserted in the petition and answer to counterclaim; the case in Harrison County Case Number CVCV029621; and his desire, efforts and ability to purchase Douglas M. West's shares of Western Marketing.

7.  Brian Jorde, Defendant and attorney of record in Harrison County Case Number CVCV029621, 2425 South 144th Street, Omaha, NE 68144.  It is anticipated that Mr. Jorde will testify concerning his representation of Douglas M. West in the

5

business dispute between Douglas M. West and Mark Finken and Harrison County Case Number CVCV029621, including his communications with Douglas M. West, communications with other members of Defendant Domina Law Group, communications to opposing counsel, and representations and statements made to the Court.

8.  Beckie West, may be contacted through counsel.  Beck West is married to Mark West and it is expected that she will testify concerning Mark West's desire, efforts, and ability to purchase Douglas M. West's shares of Western Marketing.

9.  Rob Boland by video deposition, 14850 N. Scottsdale road, Suite 350, Scottsdale, AZ 85254.  Mr. Boland was the attorney for Mark West and will testify regarding Mark West's efforts to purchase Douglas M. West's shares in Western Marketing, including the preparation of a Letter of Intent and Stock Purchase Agreement and his communications with defendants.

10. Mark McCormick, 666 Walnut Street, Suite 2000, Des Moines, IA 50309.  Mr. McCormick is Plaintiff's expert witness and will testify concerning his expert opinions this case, including the standard of care owed by defendants, defendants' breach of the standard of care, and damages caused by defendants' breach.

11. Christian Williams, Defendant and attorney of record in Harrison County Case Number CVCV029621, 2425 South 144th Street, Omaha, NE 68144.  It is anticipated that Mr. Williams will testify concerning his representation of Douglas M. West in the business dispute between Douglas M. West and Mark Finken and Harrison County Case Number CVCV029621, including his communications with Douglas M. West, communications with other members of Defendant Domina Law Group, communications to opposing counsel, and representations and statements made to the Court.

12. Any witness necessary to lay foundation for any exhibit.

13. Plaintiff reserves the right to call any witness designated by Defendants.

B.  Defendant's Witnesses:

1.  David Domina, Domina Law Group PC, 2425 S. 144th Street, Omaha, NE 68144.  Mr. Domina will testify as to his knowledge of the facts in the underlying business dispute and all facts and circumstances surrounding his and his firm's representation of Mr. West. He will refute the allegations in the Complaint and testify consistent with his deposition testimony.

2.  Brian Jorde, Domina Law Group PC, 2425 S. 144th Street, Omaha, NE 68144.  Mr. Jorde will testify as to his knowledge of the facts in the underlying business dispute and all facts and circumstances surrounding his and his firm's

6

representation of Mr. West. He will refute the allegations in the Complaint and testify consistent with his deposition testimony.

3. Christian Williams, Domina Law Group PC, 2425 S. 144th Street, Omaha, NE 68144. Mr. Williams will testify as to his knowledge of the facts in the underlying business dispute and all facts and circumstances surrounding his and his firm's representation of Mr. West. He will refute the allegations in the Complaint and testify consistent with his deposition testimony.

4. Douglas J. West, Plaintiff, Mr. West will be called as an adverse witness and is expected to testify regarding his knowledge of his father's business dispute, the allegations in the Complaint, and any and all facts and inferences raised in his deposition testimony.

5. Mark P. West, Plaintiff, Mr. West will be called as an adverse witness and is expected to testify regarding his knowledge of his father's business dispute, the allegations in the Complaint, and any and all facts and inferences raised in his deposition testimony.

6. Steven P. Wandro, Wandro & Associates, P.C., 2501 Grand Ave. Suite B, Des Moines, Iowa 50312, Mr. Wandro will be called as an expert witness and will give opinion testimony that Defendants did not breach the standard of care and that nothing Defendants did or failed to do proximately caused Plaintiff to incur any damages. Mr. Wandro will testify consistent with his reports and deposition testimony.

7. Mark Finken, Western Marketing Associates Corporation, 318 W Huron Street Missouri Valley, IA 51555. Mr. Finken is expected to testify regarding all facts and circumstances surrounding his business ownership and dispute with Mr. Doug West, including, but not limited to, the subsequent litigation.

8. Paul Gardner, 1299 Farnam Street, Suite 1500, Omaha, NE 68102. Mr. Gardner is expected to testify concerning all non-privileged facts and circumstances surrounding his representation of Mr. Finken in the underlying dispute with Doug West, including but not limited to the issues and arguments involved in the underlying case as set forth in the pleadings.

9. Lyle Ditmars, Peters Law Firm, 233 Pearl Street, PO Box 1078, Council Bluffs, IA 51503. Mr. Ditmars is expected to testify concerning all non-privileged facts and circumstances surrounding his representation of Western Marketing Associates Corporation in the underlying dispute between Doug West and Mark Finken, including but not limited to the issues and arguments involved in the underlying case as set forth in the pleadings.

10. Defendants reserve the right to designate and/or call any witness listed by other parties, to designate and/or call rebuttal witnesses, to call any witness necessary to

lay foundation for the admission of an exhibit, and to make use of deposition testimony as allowed by the Federal Rules of Civil Procedure.

C. A party listing a witness guarantees his/her presence at trial unless the Court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witnesses listed by the opposing party whether they have listed them or not.

D. A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

## IV.   **FACTUAL ISSUES**

A. Plaintiff's Factual Issues:

1. At the time defendants filed a request for judicial dissolution of Western Marketing, Douglas M. West had two alternative paths to ending his business relationship with Mark Finken, namely: (1) sell his shares to Western Marking under Paragraphs 2 of the Buy-Sell Agreement for approximately $3.2 million; and (2) sell his shares to a third party, including Mark West, for $4.8 million, plus interest.

2. After Western Marketing filed its election to purchase Doug M. West's shares, West's only option was to sell his shares to Western Marketing through the court valuation process; he could not sell them to Western Marketing under Paragraph 2 of the Buy-Sell Agreement or to a third-party, such as Mark West.

3. Before filing the request for judicial dissolution, defendants failed to accurately and fully inform Doug M. West of the consequences of requesting judicial dissolution, including that requesting dissolution would permit Western Marketing to file an election to purchase Douglas M. West's shares at which point West's only option would be to sell his shares to Western Marketing through the court valuation process.

4. Mark West would have offered to buy Douglas M. West's shares in Western Marketing for $4.8 million (plus interest), and a reasonable person would have sold his or her shares in Western Marketing to Mark West for $4.8 million (plus interest), if defendants had fully and accurately informed the reasonable person of the consequences of requesting judicial dissolution of Western Marketing.

5. Alternatively, a reasonable person would have sold his or her shares to Western Marketing under Paragraph 2 of the Buy-Sell Agreement for approximately $3.2 million, if defendants had fully and accurately informed

the reasonable person of the consequences of requesting judicial dissolution of Western Marketing.

6.  Defendants committed malpractice by failing to fully and accurately inform Doug M. West of the consequences of requesting judicial dissolution of Western Marketing.

7.  Defendants malpractice caused Plaintiff to suffer damages in the amount of $4.2 million (plus interest), or, alternatively, at least approximately $2.6 million.

B.  Defendant's Factual Issues:

1.  At the time Doug West decided to seek judicial dissolution of Western Marketing, he was provided appropriate alternative paths to terminating his business relationship with Mark Finken. The paths that he could have taken were limited based on his continuing and present circumstances of being locked out of the corporation, having no income, desire to compete with his son against Western Marketing, and his improper conduct.

2.  After being provided alternatives, Mr. West decided to proceed with judicial dissolution. The Defendants provided advice consistent with the standard of care based on the circumstances.

3.  A reasonable person would have proceeded under the same or similar circumstances, i.e., pursuing judicial dissolution, based on the alternative courses of action under the Buy-Sell Agreement.

4.  Defendants met the standard of care in providing advice.

5.  The Estate of Douglas West is seeking to re-litigate the underlying case after Mr. West had his day in court and was allowed to present a case under the dissolution statute after the election regarding the value of his shares.

## V.   **LEGAL CONTENTIONS**

A.  Plaintiff's Legal Contentions:

1.  An attorney-client relationship existed between the parties for the disputed matter.

2.  The Defendants were negligent in one or more of the following ways:

   a.  In failing to use the care, skill, and knowledge in the representation of Douglas M. West.

9

      b.  In failing to act in the best interests of Douglas M. West

      c.  In failing to fully advise Douglas M. West of the consequences of filing judicial dissolution proceedings

      d.  In failing to fully advise Douglas M. West of the consequences of the dissolution proceedings in conjunction with the Buy-Sell Agreement between Douglas M. West, Mark Finken and Western Marketing

      e.  In failing to fully advise Douglas M. West of the consequences of the dissolution proceedings in conjunction with opportunities to sell Douglas M. West's ownership interest in Western Marketing to third-parties, including Mark West, and the Buy-Sell Agreement between Douglas M. West, Mark Finken and Western Marketing.

3. The negligence was a cause of the Estate of Douglas M. West's damage.

4. The amount of damage.

B. Defendant's Legal Contentions:

1. Defendants did not breach the standard of care.

2. Any act and/or omission on the part of Defendants did not proximately cause Plaintiff to incur any damages.

3. Defendants provided advice as to Doug West's options for terminating his business relationship with Mr. Finken and Doug West selected the option that he preferred.

4. Plaintiff is unable to demonstrate damages in this case.

## VI.   <u>LEGAL ISSUES</u>

A. Plaintiff's Legal Issues:

1. In the context of an informed consent legal malpractice case, an objective causation standard is appropriate.  (Clerk's ECF No. 64 p. 19 n.11).

2. Under Paragraph 3 of the Buy-Sell Agreement, a shareholder's sale to a third-party is presumed to go forward (and in fact *must* go forward), unless the non-selling shareholder is aware of evidence of bad moral character and/or financial instability of the third-party purchase and the evidence is sufficient to render withholding of approval of the sale objectively reasonable.  Thus, as applied to the facts of this case, it is presumed that the sale of Douglas M. West's interest in Western Marketing Associates Corporation to Mark West

would have occurred unless defendants come forward with evidence that (1) Mark Finken had knowledge of evidence of bad moral character or financial instability of Mark West before the transfer of Douglas M. West's interest, (2) Mark Finken would actually acted on this knowledge by objecting to the transfer of Douglas M. West's interest, and (3) Mark Finken's actions would have been reasonable.

3. Following the court valuation process of selling Douglas M. West's shares in Western Marketing Association Corporation to Western Marketing Association Corporation, Douglas M. West was prohibited from competing against Western Marketing Association pursuant to the Buy-Sell Agreement's noncompetition clause.

4. Defendant Christian Williams' purported statements during the October 2013 are inadmissible pursuant to the mediation privilege.

5. The testimony of Steven P. Wandro, defendants' expert witness, is inadmissible for the reasons stated in Plaintiff's Motion for Summary Judgment and *Daubert* motion.

B. Defendant's Legal Issues:

1. Defendants' legal contentions have been raised in Defendant's Motion for Summary Judgment and in their Motions in Limine.

2. Under the Buy-Sell Agreement, Plaintiff must establish that Mark West made a bona-fide offer.

3. The Buy-Sell Agreement prohibited Doug West from competing with Western Marketing before the dissolution. After the dissolution order, Doug West was able to compete.

## ATTACHMENT A

1. Plaintiffs' Exhibits

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 1 | Email from Boland to Doug M. West attaching Mark West's Offer | | Rule 402, 403, 802 | |
| 2 | Email from Boland to Finken and Ditmars attaching Mark West's Offer | | Rule 402, 403, 802 | |
| 3 | Emails Between Boland and Williams re: Mark West's Offer | | Rule 402, 403, 802 | |
| 4 | Email from Boland to Mostek attaching Mark West's Offer | | Rule 402, 403, 802 | |
| 5 | 4/9/14 Email from Williams to Boland re Mark West's Offer Attaching Draft Stock Purchase Agreement | | | Relevance under Rule 403 and foundation.  Ex. 5 is an email and a Stock Purchase Agreement that was not part of the email. Misstates the record and no foundation the two documents were together. |
| 6 | 4/22/14 Email from Boland to Williams re: Mark West's Offer | | Rule 402, 403, 802 | |
| 7 | 4/24/14 Emails cover emails attaching Mark West's Stock Purchase Agreement | | | Rule 402, 403, 802 |
| 8 | Stock Purchase Agreement | | | Rule 802 hearsay and 402 on relevance |
| 9 | Buy-Sell Agreement | X | | |
| 10 | 5-17-13 Agenda of Meeting (WEST294-97) | | | Relevance under Rule 403 and Pages 1 and 4 are the same and page 2 is blank, |

| Ex. | Description | (A)<br>Admit | (B)<br>Object & Basis | (C)<br>Object & No<br>Stip Foundation |
|---|---|---|---|---|
|  |  |  |  | and Rule 802 hearsay, 801, 802, 901 |
| 11 | Affidavit of Douglas M. West re: Cessation of Management Fees in June 2013 |  | Hearsay under Rule 804(a)(4) |  |
| 12 | 6-22-13 Initial Intake Memorandum (UCN389-407) | X |  |  |
| 13 | 6-25-13 Ltr from Domina to Doug M. West re retention (WEST343-45) |  | Contains hearsay from Doug West under Rule 802 |  |
| 14 | 6-25-13 Engagement Agreement (DF12-14) | X |  |  |
| 15 | 7-9-13 Ltr from Dave Domina to Doug M. West re summary of meeting | X |  |  |
| 16 | 7-13-13 Ltr from Domina to Doug M. West re Overview Comment, Script Suggestions and Agenda | X |  |  |
| 17 | 7-17-13 Ltr from Dave Domina to Mark Finken | X |  |  |
| 18 | 8-5-14 Emails between Doug M. West and Dave Domina (WEST500) | X |  |  |
| 19 | 8-17-13 Case Note by Dave Domina (UCN370-372) | X |  |  |
| 20 | 8-19-13 Email from David Domina to Brian Jorde (UCN372-374) | X |  |  |
| 21 | 8-19-13 Ltr from Doug M. West to Mark Finken (DF8023) |  |  | Rule 802 hearsay |
| 22 | 8-21-13 Handwritten Notes of Christian Williams (Notes.3, at p. 29) | X |  |  |
| 23 | 8-21-13 Email from Christian Williams to David Domina | X |  |  |
| 24 | 8-22-13 Handwritten Notes of Christian Williams (Notes.3, at pp. 21-24) | X |  |  |
| 25 | 8-22-13 David Domina Case Note (UCN339-342) | X |  |  |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 26 | 8-22-13 Email from David Domina to Paul Gardner (DF8567-68) | X | | |
| 27 | 8-22-13 Memo from David Domina to Doug M. West | X | | |
| 28 | 8-23-13 Case Note by Christian Williams (UCN356-58) | X | | |
| 29 | 8-29-13 Email from Christian Williams to David Domina (UCN343) | | Objection – Rules 402 and 403 as exhibit refers to a document that is not included, which is confusing and misleading. | |
| 30 | 9-4-13 Emails from David Domina to Doug M. West (DF219-220) | X | | |
| 31 | 9-10-13 Email from Mark Finken to Doug M. West (WEST448) | | | Rule 802 hearsay |
| 32 | 9-17-13 New Terms of Engagement and Scope of Services (DF455-458) | X | | |
| 33 | 10-9-13 Email from Brian Jorde to Christian Williams (DLG25894-95) | X | | |
| 34 | 10-11-13 Christian Williams Case Note | X | | |
| 35 | 10-15-13 Christian Williams Case Note (UCN281-87) | | | Object p. 1 as to Rule 802 as to Judge's opinion of settlement value and context of statement. Rule 402 objection as redundant last page |
| 36 | 10-15-13 Email from Brian Jorde to David Domina re Mediation (UCN277-81) | X | | |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 37 | 10-15-13 Christian Williams Case Note re Mediation (UCN265-67) | X | | |
| 38 | 10-17-13 Email from Christian Williams to Doug M. West attaching offer to Mark Finken (WEST593-94) | X | | |
| 39 | 10-18-13 Email from Paul Gardner to Christian Williams re rejection of offer (UCN272-73) | | | Rule 802 hearsay |
| 40 | 10-18-13 Email from Brian Jorde to David Domina (UCN271) | X | | |
| 41 | 10-19-13 Email from Christian to Doug M. West re rejection of offer (WEST597) | X | | |
| 42 | 10/16/13 – 10/19/13 Christian Williams Case Note (UCN263-265) | X | | |
| 43 | 10-21-13 Christian Williams Case Note (UCN260-262) | X | | |
| 44 | 10-28-13 Christian Williams Case Note (UCN256-259) | X | | |
| 45 | 10-31-13 Email from Doug M. West to Christian Williams (WEST3486) | | Rule 802 hearsay | |
| 46 | 11-15-13 Christian Williams Case Note (UCN246-249) | X | | |
| 47 | 11-26-13 Christian Williams Case Note (UCN239-242) | X | | |
| 48 | 11-27-13 Handwritten note of Christian Williams (Notes.6, p. 79) | X | | |
| 49 | Undated Case Note (Notes.6, p. 82) | X | | |
| 50 | 12-10-13 Ltr from Christian Williams to Doug M. West (WEST664-68) | X | | |
| 51 | 12-12-13 Christian Williams Case Note (UCN236-38) | X | | |
| 52 | 12-23-13 Email from Christian Williams to Brian Jorde (UCN226) | X | | |
| 53 | 12-26-13 Email from Brian Jorde to Christian Williams (UCN225) | X | | |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 54 | 1-8-14 Christian Williams Handwritten Notes (Notes.6, pp. 77-78) | X | | |
| 55 | 1-9-14 Ltr from David Domina to Doug M. West (WEST710-12) | X | | |
| 56 | 1-13-14 Email from Doug M. West to David Domina (WEST713-15) | | Hearsay Rule 802 | |
| 57 | 2-12-14 Email from Christian Williams to Doug M. West and Mumm (WEST735) | | | Rule 403 refers to document not included which is confusing and misleading and part is an email from Doug West which is hearsay under Rule 801 |
| 58 | Motion for Leave to Amend Counterclaim (WEST751-53) | X | | |
| 59 | 2-12-14 Email from Christian Williams to Brian Jorde (UCN218-19) | | Rule 403 Partial email that is confusing and misleading | |
| 60 | 2-17-14 Email from Christian Williams to Doug M. West (WEST744-45) | X | | |
| 61 | 2-21-14 Ltr from Christian Williams to Paul Gardner and Michael Mostek (WEST847-48) | X | | |
| 62 | 2-24-14 Emails between Doug M. West and Christian Williams | | West email is Rule 802 hearsay | |
| 63 | 2-25-14 Emails between Doug M. West and Christian Williams (WEST780-81) | | | West email is Rule 802 hearsay.  West email refers to No. 11 document not attached to Rule 402 confusing and misleading |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 64 | 3-3 to 3-4 Emails Between Doug M. West, David Domina and Christian Williams (West 000800- 801) | | West email is Rule 802 hearsay | |
| 65 | 3-3-14 to 3-5-14 Emails between Christian Williams and Doug M. West (WEST820-824) | | West email is Rule 802 hearsay | |
| 66 | Original Filing for Judicial Dissolution | X | | |
| 67 | 3-4-13 Order Granting Motion to Amend Answer and Counterclaim | X | | |
| 68 | 3-5-14 Ltr from David Domina to Doug M. West (WEST988) | X | | |
| 69 | Application for Court Ordered Special Meeting | | P. 57-59 not part of the Nebraska court action, and under Rule 402 are confusing and misleading. | |
| 70 | WMA Election to Purchase Shares and Application for Stay of Proceedings (DF875-876) | | Rule 802 hearsay | |
| 71 | Brief in Support of Election to Purchase Shares and for Stay of Proceedings Pending Negotiation of Sale (DF877-80) | | Rule 402 and 403 relevance, and rule 802 hearsay | |
| 72 | 3-21-14 Email from Christian Williams to Brian Jorde (UCN217) | X | | |
| 73 | 3-21-14 to 3-22-14 Emails between Mark Finken, Doug M. West, and Christian Williams (WEST838-39) | | | West email and Finken emails are hearsay under Rule 802 |
| 74 | Defendant's Opposition to Plaintiff's Election to Purchase Shares and Application for Stay of Proceedings (DF883-86) | X | | |
| 75 | 3-24-14 Emails between Doug M. West and Christian Williams (WEST882-86) | | West emails are objected to as | |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| | | | hearsay under Rule 802 | |
| 76 | 3-24-14 Email from Doug M. West to Christian Williams (WEST 840) | | West email objected to as hearsay pursuant to Rule 802 | |
| 77 | 3-24-14 Email from Christian Williams to Doug M. West (WEST873) | | West email objected to as hearsay pursuant to Rule 802 | |
| 78 | 3-27-14 Christian Williams Handwritten Notes (Notes.4, pp. 112-116) | X | | |
| 79 | Answer of Mark E. Finken to First Amended Counterclaim (DF892-894) | | | Rule 802 hearsay |
| 80 | Alternate Election of Mark E. Finken to Purchase Shares of Douglas M. West (DF895-897) | | | Rule 802 hearsay |
| 81 | Plaintiff's Resistance to West's Objection to Plaintiff's Election to Purchase Shares (DF897-902) | | | Rule 802 hearsay |
| 82 | 4-7-14 Ltr from Christian Williams to Doug M. West (WEST905-908) | X | | |
| 83 | 4-7-14 Emails between Doug M. West, Christian Williams and Brian Jorde (WEST911-16) | | West emails are hearsay pursuant to Rule 802. Also Rule 403 applies as no response is included for confusing and misleading | |
| 84 | 4-8-14 Christian Williams Case Note (UCN213-215) | X | | |
| 85 | 4-9-14 Email from Doug M. West to Christian Williams (WEST918) | | West email is hearsay pursuant to Rule 802. Also Rule 403 | |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| | | | applies as no response is included so confusing and misleading | |
| 86 | 4-10-14 Email from Christian Williams to Mr. Kellogg (WEST64) | X | | |
| 87 | Undated Handwritten Note (UCN61) | X | | |
| 88 | 4-15-14 Christian Williams Case Note (UCN208-10) | X | | |
| 89 | 4-16-14 Williams Handwritten Notes | X | | |
| 90 | 4-18-14 to 4-25-14 Emails between DLG and Paul Gardner (DF60-63) | X | | |
| 91 | 4-21-14 Email from Doug M. West to Christian Williams (WEST925-926) | | Hearsay pursuant to Rule 802. Relevancy under Rule 403 as it is confusing and misleading | |
| 92 | 4-28-14 to 4-29-14 Emails between Doug M. West and Christian Williams (WEST955-59) | | Hearsay as to the West email pursuant to Rule 802.  Relevancy Rule 403 as it is confusing and misleading | |
| 93 | 4-30-14 Christian Williams Case Note (UCN207-08) | X | | |
| 94 | 5-6-14 Ltr from Christian Williams to Paul Gardner re settlement proposal (DF396-99) | X | | |
| 95 | 5-7-14 Email from Doug M. West to Christian Williams (WEST975) | | Hearsay pursuant to Rule 802. Relevancy as to | |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| | | | Rule 403 as it is confusing and misleading | |
| 96 | 5-8-14 Ltr from Paul Gardner to Christian Williams (DF394-95) | | | Rule 802 hearsay |
| 97 | 5-8-14 Emails between Brian Jorde and Christian Williams (UCN205-207) | X | | |
| 98 | 5-9-14 Ltr from Christian Williams to Doug M. West (WEST976-80) | X | | |
| 99 | 5-9-14 Email from Doug M. West to Christian Williams (WEST4552) | | Hearsay pursuant to Rule 802 | |
| 100 | 5-10-14 to 5-15-14 Emails between DLG and Paul Gardner (WEST1488-94) | | | Gardner emails are Rule 802 hearsay |
| 101 | 5-15-14 to 5-19-14 Emails between Christian Williams and Brian Jorde (UCN192-202) | X | | |
| 102 | 5-15-14 Emails between Christian Williams and Brian Jorde (UCN202-207) | X | | |
| 103 | 5-15-14 Email from Brian Jorde to Christian Williams (DLG26609-26610) | | Redundant under Rule 403 and contains Rule 801 hearsay letters from opposing counsel | |
| 104 | DLG and Gardner Valuation Negotiations (DF3496-21) | | Redundant under Rule 403 and contains Rule 801 hearsay letters from opposing counsel | |
| 105 | 5-19-14 Emails between Doug M. West and Christian Williams re Dollar (DF181) | | West emails are hearsay based on Rule 802 | |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 106 | 5-16-14 to 5-19-14 Emails between Christian Williams and Brian Jorde (DLG26098-26103) | | Redundant under Rule 403 and contains Rule 802 hearsay emails from opposing counsel | |
| 107 | 5-23-14 Christian Williams Case Note (UCN184-188) | X | | |
| 108 | 6-11-14 Christian Williams Handwritten Notes (Notes.6, p. 51) | X | | |
| 109 | 6-11-14 Christian Williams Case Note (UCN180-181) | X | | |
| 110 | 7-2-14 Email from Christian Williams to Doug M. West (WEST1076) | | Letter included from expert is Rule 802 hearsay and Rule 403 as confusing and misleading. | |
| 111 | 7-9-14 Ltr from Christian Williams to Doug M. West (WEST1086-87) | X | | |
| 112 | 7-28-14 Christian Williams Case Note (UCN175-177) | X | | |
| 113 | 8-1-14 Plaintiff's Notice of Serving Expert Reports | | | Rule 402 as to relevancy and Rule 802 hearsay |
| 114 | 8-8-14 Ltr from Christian Williams to Doug M. West (WEST1130-33) | X | | |
| 115 | 8-8-14 Email from Doug M. West to Christian Williams (WEST1129) | | Rule 802 hearsay | |
| 116 | 8-8-14 Email from Brian Jorde to Christian Williams (UCN165-66) | X | | |
| 117 | 8-12-14 Ltr from Williams to Dollar (WEST1134-41) | X | | |
| 118 | 11-5-14 Email from Doug M. West to David Domina (WEST1245) | | Rule 802 hearsay | |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 119 | 11-12-14 Emails between Brian Jorde and Christian Williams (DLG26085-87) | | Rule 802 hearsay as to West emails | |
| 120 | 12-22-14 Email from Doug M. West to Brian Jorde (WEST1316) | | Rule 802 hearsay | |
| 121 | Ruling on Fair Value of Corporate Shares (WEST1394-1401) | X | | |
| 122 | 1-13-15 to 1-14-15 Emails between DLG and Doug M. West (DF160-161) | | Rule 802 hearsay as to West email | |
| 123 | 2-6-15 Email from Doug M. West to David Domina (WEST4591) | | Rule 802 hearsay | |
| 124 | 2-6-15 David Domina Case Note (UCN106-111) | X | | |
| 125 | 2-12-15 Emails between Doug M. West and David Domina (DF152-53) | | Rule 802 hearsay as to West emails | |
| 126 | 5-18-15 Emails between Doug M. West and DLG (DF137-140) | | Rule 802 hearsay as to West emails | |
| 127 | 7-13-15 Emails between David Domina and Doug M. West (WEST6100) | | Rule 802 hearsay as to West emails | |
| 128 | 7-17-15 Emails between David Domina and Doug M. West (WEST6116-6119) | | Rule 802 hearsay as to West emails | |
| 129 | 7-30-15 Emails between Christian Williams and David Domina (DLG26089) | X | | |
| 130 | 11-22-15 Emails between Laurie Fant and DLG (DF121) | X | | |
| 131 | Mark West Financial Documents | | | Rule 802 hearsay |
| 132 | DLG Billing Records | X | | |
| 133 | Summary of Doug's Income Trial Exhibit (DF9576-9581) | | | Rule 802 hearsay |

| Ex. | Description | (A) Admit | (B) Object & Basis | (C) Object & No Stip Foundation |
|---|---|---|---|---|
| 134 | Addendum to Attorney Fee Agreement | X | | |
| 135 | Defendants' Original Answer and Counterclaim | | Rule 403 objection as to relevancy | |
| 136 | Defendants' Amended Answer | | Rule 403 objection as to relevancy | |
| 137 | Doug West Distributions (DF2568-71) | | | Rules 402 and 403 as to relevancy and Rule 802 hearsay |
| 138 | Doug West Written Discovery Responses in Valuation Litigation (DF8315-8361) | | | Rules 402 and 403 objection as to relevancy and Rule 802 hearsay |
| 139 | WMA By-Laws (DF8597-606) | X | | |
| 140 | WMAC Quickbooks Summary of West and Finken Income (DF9582) | | | Rules 402 and 403 as to relevancy and Rule 802 hearsay |
| 141 | Doug M. West Summary of Experts | | Rule 802 hearsay | |
| 142 | Exhibit 26-EX13 Replaces old EX13&EX23 WMAC Comp Fin Stm | | | Rules 402 and 403 as to relevancy and Rule 801 hearsay |
| 143 | Exhibit 25-EX24 Business Reference Guide Highlighted | | | Rules 402 and 403 as to relevancy and Rule 801 hearsay |
| 144 | Unfiltered Case Notes – West Timeline from Jeremy R. Wells | | Rule 802 hearsay | |
| 145 | DLG Proposed Settlement Agreement | X | | |

| Ex. | Description | (A)<br>Admit | (B)<br>Object & Basis | (C)<br>Object & No<br>Stip Foundation |
|---|---|---|---|---|
| 146 | David Domina Email to Christian Williams (DLG29984) | X | | |
| 147 | David Domina Initial Intake Memorandum (DLG27496-508) | X | | |
| 148 | Aaron Pryor Report | | | Relevancy under Rules 402 and 403, and Rule 801 hearsay |
| 149 | NE Code § 21-20, 166 (2013) | | | Rule 403 relevance as it is misleading and confusing to give the jury a statute and Rule 801 hearsay |
| 150 | MBC Chapter 14 with Comments | | | Rule 403 relevancy confusing and misleading to give jury a Model Business Net, Rule 801 hearsay |
| | | | | |

**ATTACHMENT B**

2. Defendants' Exhibits

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|------|---------------------|------------|------------------|---------|-------------------------------|
| 2000 | Buy-Sell Agreement between Douglas M. West and Mark E. Finken (DLG020378-382) | None | A | | |
| 2001 | Letter to Mark Finken from David Domina re: retained by Doug West (DLG002247-252) | None | A | | |
| 2002 | Email from Doug West to Mark Finken re: meeting to resolve problems (DLG020971) | None | A | | |
| 2003 | Memo to Doug West from Dave Domina re: Valuation of WMA (DLG002235-238 plus DLG020378-382) | None | A | | |
| 2004 | Email from Doug West to David Domina re: Justification for DJ Est to attend Med Supp Conference (WEST000486 and WEST000485) | FRE 402, 403 | B | | |
| 2005 | Email from DJ West to David Domina re: another option for buy out (WEST000487) | None | A | | |
| 2006 | Email from Amanda Johnson to Mark Finken re: personal matter related to actions of Doug West (DLG002393-394) | FRE 402, 403, 802 | B | | |
| 2007 | Email chain between David Domina, Christian Williams, Doug West and DJ West re: Western Marketing Revised Draft of Agreement (WEST000490 and WEST000489) | None | A | | |
| 2008 | Email to Doug West from Mark Finken re: recent activities in the office (WEST000448-449) | FRE 402, 403, 802 | B | | |
| 2009 | Letter from Mark Finken to DJ West re: attendance at meetings; job probation (DLG012718-719) | FRE 402, 403, 802 | B | | |
| 2010 | Order Granting Temporary Injunction (WMA v. West – CVCV029621) (DLG028599-601) | FRE 402, 403 | B | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| 2011 | Forwarded email from David Domina to DJ West and Doug West re: recent developments (WEST000507-510) | FRE 402, 403, 802 | B | | |
| 2012 | Supplemental Application for Temporary Injunction (DLG025183-186) | FRE 402, 403 | B | | |
| 2013 | Order on Supplemental Application for Temporary Injunction (WEST000512) (WEST000513) | FRE 402, 403 | B | | |
| 2014 | Email from Doug West to Christian Williams re: Apology (WEST000518) | FRE 402, 403, 404 | B | | |
| 2015 | Letter to Doug West from David Domina re: Court orders and status of situation (WEST000521-523) | FRE 402, 403, 404 | B | | |
| 2016 | Letter to Doug West from David Domina re: new terms of engagement and scope of services (includes Addendum dated 05/08/2015) (DLG002011-013 & DLG002010) | None | A | | |
| 2017 | Letter to DJ West from David Domina re: follow up from meeting on 09/13/2013 (WEST000534-535) | FRE 402, 403 | B | | |
| 2018 | Letter from David Domina to Doug West re: competition against WMA (DLG002219-220) | None | A | | |
| 2019 | Email from Doug West to David Domina re: Non-Compete (WEST000536) | None | A | | |
| 2020 | Letter to Paul Gardner from Christian Williams re: Purchase Offer/Settlement on WMA case (WEST000594-595) | None | A | | |
| 2021 | Email from Paul Gardner to Christian Williams re: response to settlement offer (DLG026030-031) | None | A | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| 2022 | Email from Christian Williams to Doug West re: forwarding Gardner's rejection of offer (WEST000597) | None | A | | |
| 2023 | Letter to Doug West from Christian Williams re: deposition dates and other requested information (WEST000665-668) | None | A | | |
| 2024 | Email from Robert Boland to Doug West re: Letter of Intent (WEST001909-913) | None | A | | |
| 2025 | Email from Robert Boland to Mark Finken, Lyle Ditmars, Christian Williams and Doug West re: Letter of Intent (WEST001717-721, 1726-728) | None | A | | |
| 2026 | Email from Christian Williams to Doug West and Robert Boland re: LOI West/Finken (WEST000702) | None | A | | |
| 2027 | Letter to Doug West from David Domina re: case status (WEST000710-712) | None | A | | |
| 2028 | Email letter from Doug West to David Domina re: requested tasks on WMA case (WEST000713-715) | None | A | | |
| 2029 | Letter to WinCorpo from Lyle Ditmars re: Web Site Materials for WMAC (WEST000732) | FRE 402, 403 | B | | |
| 2030 | Email from Doug West to Mark Finken re: WinCorp letter from Lyle Ditmars (WEST000733) | FRE 402, 403 | B | | |
| 2031 | Email from Robert Boland to Michael Mostek, Christian Williams and Doug West re: Intent letter (WEST001904-908) | None | A | | |
| 2032 | Email from Robert Boland to Christian Williams and Doug West re: Offer letter to Michael Mostek (WEST001934-939, WEST010169-173) | None | A | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| 2033 | Motion for Leave to Amend Counterclaim with attached 1st Amended Answer to Plaintiff's Petition for Temporary and Permanent Injunction and Damages and Counterclaim (DLG021147-165) | None | A | | |
| 2034 | Letter to Paul Gardner, Lyle Ditmars and Michael Mostek from Christian Williams re: Offer for Shares of Doug West (WEST000776-777) | None | A | | |
| 2035 | Email from Doug West to Christian Williams re: Updates on Finken and West (WEST000748) | None | A | | |
| 2036 | Email from Christian Williams to Doug West re: Updates on Finken & West (w/attached Motion to Amend Counterclaim (WEST000749-753) | None | A | | |
| 2037 | Email from Doug West to Christian Williams re: Finken/West (WEST000778-779) | None | A | | |
| 2038 | James M. Dollar Fair Value Valuation of 50% Common Voting Share Shareholder Interest in WMAC owned by Douglas M. West showing immediate shutdown valuation of $4,320,414.07 (WEST001112-124) | FRE 802 | C | | |
| 2039 | Order on Motion to Amend Answer (DLG002572-573) | None | A | | |
| 2040 | Defendant's 1st Amended Answer to Plaintiff's Petition for Temporary and Permanent Injunction & Damages & Counterclaim (DLG028677-692) | None | A | | |
| 2041 | Original Notice filed with Amended Answer DLG002584-586) | FRE 402, 403 | B | | |
| 2042 | Plaintiff's Application for Court Order Special Meeting (DLG003245-259, 3266, 3267, 3268, 3272) | None | A | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|------|--------------------|------------|------------------|---------|-------------------------------|
| 2043 | Election to Purchase Shares and Application for Stay of Proceedings (DLG005144-145, 5151-154) | None | A | | |
| 2044 | Email from Doug West to Christian Williams re: forwarding email from Mark Finken re: judicial dissolution of WMA (WEST000837) | None | A | | |
| 2045 | Email from Christian Williams to Doug West re: weekly update on WMA matter (WEST000838-839) | None | A | | |
| 2046 | Email from Doug West to Christian Williams re: Finken/West – Please read and call (WEST000840) | None | A | | |
| 2047 | Email from Doug West to Christian Williams re: West/Finken buy-out (WEST000841) | None | A | | |
| 2048 | Email from Christian Williams to Doug West re: Finken/West information (WEST000842-846) | None | A | | |
| 2049 | Email from Christian Williams to Doug West re: West/Finken – Buy Sell Agreement (WEST000873) | None | A | | |
| 2050 | Email chain between Christian Williams and Doug West re: Finken/West information – response to Christian's email by Doug (WEST000882-886) | None | A | | |
| 2051 | Defendant's Opposition to Plaintiffs Election to Purchase Shares and Application for Stay of Proceedings | None | A | | |
| 2052 | Alternate Election of Mark E. Finken to Purchase Shares of Douglas M. West (DLG002609-611) | None | A | | |
| 2053 | Plaintiff's Resistance to West's Objection to Plaintiff's Election to Purchase Shares (DLG002612-616) | None | A | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| 2054 | Order on Pending Motions (includes Defendant's Motion to Dissolve Temporary Injunction, Defendant Motion for Temporary Injunction & Plaintiff's Election to Purchase Shares) (WEST000913-916) | None | A | | |
| 2055 | Email to Christian Williams & Brian Jorde from Doug West re: response to letter regarding hearing on motions and order from Court (WEST000909-910) | None | A | | |
| 2056 | Letter emailed to Doug West from Christian Williams re: hearing in Harrison County (WEST000905-908) | None | A | | |
| 2057 | Email from Christian Williams to Doug West responding to email from Doug and attaching Order from Court (WEST000911-915) | None | A | | |
| 2058 | Email from Doug West to Christian Williams re: questions on West/Finken matter (WEST000918) | None | A | | |
| 2059 | Email from Christian Williams to Robert Boland re: Stock Purchase Agreement (WEST000919, 10171-173) | None | A | | |
| 2060 | Stock Purchase Agreement (WEST001942-2014) | None | A | | |
| 2061 | WMA's Motion to Dismiss – Object to Application for Special Meeting (DLG003275-3306, DLG002795-799. DLG003310, & Notice of Dismissal) | None | A | | |
| 2062 | Email from Robert Boland to Christian Williams re: Mark's intentions (WEST002015-018) | None | A | | |
| 2063 | Email from Robin Gay to Christian Williams re: Stock Purchase Agreement (WEST0001940-941) | None | A | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|------|--------------------|-----------|------------------|---------|-------------------------------|
| 2064 | Email chain between Christian Williams and Doug West re: current issues and email to Diane McGrain (WEST000955-959) | None | A | | |
| 2065 | Email from Paul Gardner to Christian Williams and Doug West re: Election to Purchase Shares of Doug West (DLG005406) | None | A | | |
| 2066 | Letter to Paul Gardner & Lyle Ditmars from Christian Williams re: proposal for stock in WMA (WEST001227-229) | None | A | | |
| 2067 | Email from Doug West to Christian Williams & Brian Jorde re: question on bonus, hearing date & next steps (WEST000975) | None | A | | |
| 2068 | Letter to Doug West from Christian Williams re: status update (WEST000977-980) | None | A | | |
| 2069 | Email from Doug West to Christian Williams re: review of letter and disagreement with content (WEST000989) | None | A | | |
| 2070 | Email chain between Christian Williams and Paul Gardner re: settlement offers for purchasing shares (WEST001512) | None | A | | |
| 2071 | Email from Christian Williams to Doug West re: case status update (WEST001076) | None | A | | |
| 2072 | Letter to Doug West from Christian Williams re: case status and need for additional expert (WEST001086-087) | None | A | | |
| 2073 | Email chain between Doug West and Christian Williams re: Value of WMAC (WEST001091-092) | None | A | | |
| 2074 | Letter to Doug West from Christian Williams re: significant case developments (WEST001130-133) | FRE 402, 403, 802 | B | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|---|---|---|---|---|---|
| 2075 | Email from Doug West to Christian Williams and David Domina re: response to 8/8/14 letter (WEST001129) | None | A | | |
| 2076 | Letter to Mike Dollar from Christian Williams re: deposition testimony (WEST001134-141) | FRE 402, 403, 802 | B | | |
| 2077 | Email chain between Doug West and Brian Jorde re: K-1's and other information (WEST001150-151) | None | A | | |
| 2078 | WMA's Memo in Support of Proposed Order (WEST001170-183) | FRE 402, 403 | B | | |
| 2079 | Letter to Paul Gardner & Lyle Ditmars from Christian Williams re: proposed settlement offer (WEST001223-224) | FRE 402, 403 | B | | |
| 2080 | Email from Doug West to Christian Williams & Brian Jorde re: property values (WEST001235) | FRE 402, 403 | B | | |
| 2081 | Letter to Doug West from Brian Jorde re: case update (WEST001262-263) | FRE 402, 403 | B | | |
| 2082 | Letter to Doug West re: trial schedule update (WEST001298) | FRE 402, 403 | B | | |
| 2083 | Email from Doug West to Brian Jorde re: meeting request (WEST001339) | FRE 402, 403 | B | | |
| 2084 | Email from Doug West to Brian Jorde re: resistance motion (forwarded to Mark West) (WEST001351) | FRE 402, 403 | B | | |
| 2085 | Email chain between Doug West and Diane McGrain re: WMAC (WEST001371-372) | FRE 402, 403 | B | | |
| 2086 | Ruling on Fair Value of Corporate Shares (WEST001394-401) | None | A | | |
| 2087 | Email from Brian Jorde to Doug West re: Order on Valuation (WEST001390) | None | A | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|------|--------------------|-----------|------------------|---------|------------------------------|
| 2088 | Email from Doug West to Christian Williams & Brian Jorde re: letter of conciliation & valuation (WEST001412) | FRE 402, 403 | B | | |
| 2089 | Email from Doug West to Brian Jorde & Christian Williams re: draft of email to Mark Finken (WEST001413-414) | FRE 402, 403 | B | | |
| 2090 | Order on Motion to Release Escrowed Funds (DLG029140-142) | None | A | | |
| 2091 | Email chain between David Domina, Doug West and others re: answers to Doug West's questions (WEST001471-472) | FRE 402, 403 | B | | |
| 2092 | Letter from Domina to West re: Status/Question regarding case (DLG002104-107) | FRE 402, 403 | B | | |
| 2093 | Letter from Christian Williams to Doug West re: Hearing on Valuation Order (DLG002098-103) | FRE 402, 403, 802 | B | | |
| 2094 | WMA's Brief in Resistance to Defendant's Proposed Order on Finken's Motion to Reconsider (DLG029245-249) | FRE 402, 403, 802 | B | | |
| 2095 | Order on Motion to Reconsider and Ruling on Related Motions (DLG029252-260) | FRE 402, 403 | B | | |
| 2096 | WMA's Amended Petition (DLG005241-248) | FRE 402, 403 | B | | |
| 2097 | West's Answer to Plaintiff's First Amended Petition & West's 2nd Amended Counterclaim (DLG002948-972) | FRE 402, 403 | B | | |
| 2098 | Memo from Paul Gardner to DJ West & Estate of Douglas West re: Proposal for Global Settlement (WEST001646-648) | FRE 402, 403, 802 | B | | |
| 2099 | Draft of Partial Settlement Agreement between West & Finken (WEST001599-605) | FRE 402, 403 | B | | |
| 2100 | West's Initial Disclosures | FRE 402, 403 | B | | |

| Ex # | Exhibit Description | Objections | Category A, B, C | Offered | Admit/Not Admitted (A) – (NA) |
|------|--------------------|-----------|-----------------|---------|-------------------------------|
| 2101 | Defendants' Rule 26(a)(1) Disclosures | None | A | | |
| 2102 | West & Finken Settlement Agreement signed by DJ West on behalf of himself & Estate of Doug West (WEST001553-562) | FRE 402, 403, 802 | C | | |
| 2103 | Plaintiff's Expert Witness Designations | None | A | | |
| 2104 | Reply by McCormick to Disclosure of Steven Wandro | None | A | | |
| 2105 | Letter from Doug West to WMA Staff re: closing WMA due to issues between West & Finken (DLG020948) | FRE 402, 403 | C | | |
| 2106 | Comments on judge's ruling (WEST001444) | FRE 402, 403, 802 | C | | |
| 2107 | Handwritten Notes re: Liabilities of Finken & West (WEST001236-240) | FRE 402, 403, 802 | C | | |
| 2108 | Verdict Form No. 1 finding for Plaintiff WMA (DLG029931-932) | FRE 402, 403, 802 | C | | |
| 2109 | Calendar for Client – Doug West (DLG000001-018) | FRE 802 | B | | |
| 2110 | Attorney Notes (DLG028431-449 – not produced yet) | FRE 402, 403, 802 | B | | |
| 2111 | DLG – Client Notes (DLG016471-841) | FRE 402, 403, 802 | B | | |